UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80759-CIV-COHN/SELTZER

MICHAEL NICHOLS,
on behalf of himself and all
others similarly situated,

    Plaintiff,

v.

WM. WRIGLEY JR. CO.,

    Defendant.

_____/

## ORDER GRANTING MOTION TO DISMISS

**THIS CAUSE** is before the Court on the Motion of Defendant Wm. Wrigley Jr. Company to Dismiss Complaint in its Entirety [DE 11] ("Motion to Dismiss").  The Court has carefully reviewed the Motion to Dismiss, Plaintiff's response [DE 27], Defendant's reply [DE 29], Plaintiff's Notice of Filing Supplemental Authority [DE 44], heard argument of counsel on January 14, 2011, and is otherwise advised in the premises.

### I. BACKGROUND

On June 25, 2010, Plaintiff Michael Nichols filed a five-count class action complaint against Defendant Wm. Wrigley Jr. Co.  See DE 1 ("Complaint").  In his Complaint, Plaintiff alleges that Defendant "markets and sells through retailers . . . a brand of gum named 'Eclipse Breeze.'"  DE 1 ¶ 1.  The front panel of the packaging contains the following phrase: "with Cardamom to Neutralize the Toughest Breath Odors."  Id. ¶ 11(a) & Ex. 1.  The back panel of the packaging contains this representation: "Cardamom is a natural ingredient that has been used for centuries in

Asia and India to freshen breath and is scientifically proven to neutralize even the toughest breath odors from coffee, garlic, onions and even smoking." Id. ¶ 11(b) & Ex. 1 (emphasis in Complaint).

Plaintiff alleges that Defendant's representation about scientific proof "fails and has no scientific evidence to support or substantiate the claims." Id. ¶ 13. Consequently, Plaintiff asserts the following causes of action: (1) Fraudulent Concealment; (2) Negligent Misrepresentation; (3) Intentional Misrepresentation; (4) Breach of Express Warranty; and (5) Unjust Enrichment. Defendant has moved to dismiss all five counts for failure to state a claim.[1]

II. DISCUSSION

A. Legal Standard

To state a claim, Federal Rule of Civil Procedure 8(a)(2) requires a "short plain statement of the claim showing that the pleader is entitled to relief." Conley v. Gibson, 355 U.S. 41, 47 (1957). "While a complaint attacked by a Rule 12(b)(6) motion to

---

[1] Plaintiff, in his response, suggests that "this Honorable Court has previously denied a motion [to dismiss] in a similar case . . . based on similar factual and legal issues." DE 27 at 2 (citing Smith v. Wm. Wrigley Jr., Co., 663 F. Supp. 2d 1336 (S.D. Fla. 2009)). "Therefore, Plaintiff respectfully requests this Honorable Court enter an Order Denying Defendant's Motion to Dismiss the Complaint in its Entirety." Id. at 3.

Although Smith asserted causes of action against Defendant based on allegedly false statements regarding an active ingredient in chewing gum, the legal issues in Smith are not the same as the legal issues here. In Smith, the Complaint alleged two counts: (1) a violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. § 501.201 et. seq. ("FDUTPA"); and (2) breach of express warranty. See Smith, 663 F. Supp. 2d at 1338. Here, as noted above, Plaintiff alleges five counts. None of those five counts asserts a violation of FDUTPA. The Complaint here alleges a breach of express warranty claim, but the main issue related to that claim in Smith (i.e., privity) is not in dispute here. Smith, therefore, lends limited guidance to the case at bar.

dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitl[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id.  Thus, a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570).

Furthermore, Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  To comply with the requirements of Rule 9(b), Plaintiff must set forth each of the following:

> "(1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud."

Ziemba v. Cascade Int'l, Inc., 256 F.3d 1194, 1202 (11th Cir. 2001) (quoting Brooks v. Blue Cross & Blue Shield of Fla., Inc., 116 F.3d 1364, 1371 (11th Cir. 1997)).  Thus, Plaintiff's claims for fraudulent inducement and misrepresentation cannot survive Defendant's Motion to Dismiss unless the allegations in the Complaint satisfy Rule 9(b)'s specificity requirement.

Nonetheless, a complaint must be liberally construed, assuming the facts alleged therein as true and drawing all reasonable inferences from those facts in the plaintiff's

3

favor.  Twombly, 550 U.S. at 555.  A complaint should not be dismissed simply because the court is doubtful that the plaintiff will be able to prove all of the necessary factual allegations.  Id.  Accordingly, a well pleaded complaint will survive a motion to dismiss "even if it appears 'that a recovery is very remote and unlikely.'"  Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

### B. Plaintiff Alleges a Misrepresentation

Defendant submits that "[t]o succeed on any of his five causes of action, plaintiff must plead and prove that the statements on Eclipse Breeze packaging falsely represented the qualities of the gum."  Motion to Dismiss at 13.  Defendant further contends that "Plaintiff's misrepresentation and concealment causes of action should be dismissed because they do not, as they must under Rule 8(a)(2), plead facts sufficient to establish the falsity of the claims on Eclipse Breeze packaging."  Id.  According to Defendant, Plaintiff's "insufficient allegations of falsity" are also fatal to his breach of warranty claim and unjust enrichment claim.  Id. at 14-15.  The Court disagrees that Plaintiff has failed to plead falsity.

Plaintiff alleges the following: "Defendant's representations as to 'Eclipse Breeze' that 'Cardamom is scientifically proven to neutralize even the toughest breath odors from coffee, garlic, onions and even smoking' fails and has no scientific evidence to support or substantiate the claims related to Cardamom and its properties to neutralize toughest [sic] breath odors."  Complaint ¶ 13 (emphasis added).  This factual allegation identifies a particular statement and submits that the statement is false.[2]  On a motion

---

[2]   Whether Plaintiff can prove that no scientific evidence supports the claim is a separate matter.

to dismiss, the Court must accept this factual allegation as true.

Plaintiff, therefore, has pled facts to establish the falsity of the representation. Indeed, because Plaintiff identifies the precise representation that he claims is false, where he encountered the representation,[3] how the representation misled him, and what Defendant obtained as a consequence, Plaintiff satisfies not only Rule 8, but also Rule 9(b).  The Court therefore rejects Defendant's argument that "Plaintiff's failure to allege misrepresentation of fact is fatal to all five of his causes of action."  Motion to Dismiss at 13.  Accordingly, the Court must determine whether each of the five counts states a claim on which relief can be granted.

## C. Fraudulent Concealment

As noted above, Plaintiff must plead a claim for fraudulent concealment with particularity.  Plaintiff alleges "on information and belief that Defendant suppressed facts in its marketing and labeling of the Product."  Complaint ¶ 29.  Plaintiff also alleges that "Defendant was bound to disclose the truth about these properties, but have [sic] not done so."  Id. ¶ 30.  Plaintiff further alleges "on information and belief that Defendant knew the true facts about the nature of the Product, but concealed these from consumers, and that they took steps in labeling and promoting the Product to prevent consumers from learning these true facts."[4]  Id. ¶ 31.

---

[3] Plaintiff not only alleges that the representation appears on the product package, but he also alleges that he "most often purchased the product at CVS and Walgreens stores in Palm Beach County."  Id. ¶ 15.

[4] "Despite the generally rigid requirement that fraud be pleaded with particularity, allegations may be based on information and belief when facts are peculiarly within the opposing party's knowledge."  Wexner v. First Manhattan Co., 902 F.2d 169, 173 (2d Cir. 1990).  Nonetheless, "[w]hen pleading is permitted on

5

Plaintiff, however, never alleges what facts Defendant suppressed, never alleges what is "the truth about these properties," and never alleges what "true facts" Defendant "knew . . . but concealed."[5]  Likewise, Plaintiff never alleges how Defendant concealed whatever Defendant allegedly suppressed.  Stated differently, Plaintiff has not alleged specific facts supporting a strong inference that Defendant concealed any information.  Plaintiff, therefore, has not satisfied Rule 9(b)'s heightened pleading requirement for a fraudulent concealment claim.  Accordingly, the Court will dismiss Count I.

### D. Negligent Misrepresentation

Under Florida law, to establish negligent misrepresentation, a plaintiff must prove

> "(1) [a] misrepresentation of material fact; (2) the representor . . . ma[d]e the representation without knowledge as to its truth or falsity, or . . . under circumstances in which he ought to have known of its falsity; (3) the representor . . . intend[ed] that the misrepresentation induce another to act on it; (4) injury must result to the party acting in justifiable reliance on the misrepresentation."

Souran v. Travelers Ins. Co., 982 F.2d 1497 (11th Cir. 1993) (quoting Hoon v. Pate Constr. Co., Inc., 607 So. 2d 423, 427 (Fla. Dist. Ct. App. 1992)).

As discussed above, the Complaint alleges a misrepresentation.  Plaintiff,

---

information and belief, a complaint must adduce specific facts supporting a strong inference of fraud or it will not satisfy even a relaxed pleading standard." Id. at 173; see also U.S. ex. rel. Clausen v. Lab. Corp. of Am., Inc., 290 F.3d 1301, 1310-11 (11th Cir. 2002) (noting that when Rule 9(b) applies, pleadings generally cannot be based on information and belief).

[5]   Indeed, conspicuously absent from the Complaint is an allegation that Defendant possessed evidence that cardamom does not neutralize the toughest breath odors.  In the general allegations of the Complaint, Plaintiff alleges that "Defendant's representations as to 'Eclipse Breeze' have no scientific support.  See Complaint ¶¶ 13-14.  Such allegations may support the misrepresentation element of Plaintiff's misrepresentation claims, but they do not allege that Defendant concealed or suppressed anything.

6

therefore, satisfies the first element.  As to the second element, Plaintiff alleges that "[a]t the time Defendant made the representations described above, Defendant had no reasonable grounds for believing them to be true."  Complaint ¶ 42.  Plaintiff, however, must do more than recite the elements of a cause of action.  See Twombly, 550 U.S. at 555 ("[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

Here, Plaintiff alleges scant factual matter that supports his conclusory allegation about Defendant's knowledge.[6]  Nonetheless, Plaintiff alleges that "Defendant's representations are untrue in that the scientific record was insufficient to support these claims."  DE 27 at 13 (citing Complaint ¶ 38).  Although the Complaint identifies no "scientific record," the Complaint alleges in the general allegations that "Defendant's representations . . . fails [sic] and has no scientific evidence to support or substantiate the claims" and that "the 'toughest breath neutralizing' claims are not supported by any evidence."  Complaint ¶¶ 13-14.  If the representations are not supported by any

---

[6] Plaintiff alleges that "[a] request was made of Wrigley to provide a copy of the scientific study that supports their representation."  Complaint ¶ 12.  A Consumer Affairs Representative for Defendant responded as follows: "We have provided you with all the information that we have.  Unfortunately, we do not have a copy of the scientific study that you have requested available to send."  Id., Ex. 2.  That response, however, does not support the allegation that "Defendant had no reasonable grounds for believing" that "the 'toughest breath neutralizing' claims are not supported by any evidence."  See id. ¶¶ 42, 14.  In other words, it does not follow that no scientific evidence exists merely because Defendant's Consumer Affairs Representative did not have a copy of a study to send to Plaintiff.  Indeed, a pleading "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Wright & A. Miller, Federal Practice & Procedure § 1216 (3d ed. 2004)).

evidence, it stands to reason that Defendant should have known the "scientifically proven" representation was false. Plaintiff, therefore, has satisfied the second element of a negligent misrepresentation claim.

Regarding the third element of a negligent misrepresentation claim, Plaintiff alleges that "Defendant made the representations herein alleged with the intention of inducing consumers to purchase its Product." Id. ¶ 39. Although that allegation is conclusory, Plaintiff alleges that the representation appears on the product packaging. The Court may reasonably infer that Defendant intended consumers to rely on the representations on the product packaging. Plaintiff, therefore, satisfies the third element of a negligent misrepresentation claim.

As to the fourth and final element of a negligent misrepresentation claim, the Complaint alleges in conclusory fashion that "Plaintiff . . . relied on Defendant's labeling representations set forth herein, and, in reliance thereon, purchased the Product." Id. ¶ 40. The Complaint also alleges the following:

> Plaintiff and Members of the Class . . . have suffered damages to be determined at trial in that, among other things, they have been deprived of the benefit of their bargain in that they bought a product that was not what it was represented to be, and have spent money on a product that had less value than was reflected in the purchase price they paid for the product.[7]

Id. ¶ 43. Plaintiff, however, never alleges that he would not have been willing to pay as

---

[7] Essentially, this allegation asserts that Plaintiff paid a price premium for Eclipse Breeze because of the alleged misrepresentation. However, Plaintiff never alleges that he would have been unwilling to pay the same amount for Eclipse Breeze absent the "scientifically proven" representation. Notably, Plaintiff never alleges that Eclipse Breeze failed to neutralize bad breath or that he was otherwise unsatisfied with Eclipse Breeze.

8

much for Eclipse Breeze if he knew that it was not "scientifically proven" to neutralize the toughest breath odors. The Court therefore disregards Plaintiff's conclusory allegation that he relied on the alleged misrepresentations. Because Plaintiff has failed to allege sufficient facts that demonstrate injury resulting from justifiable reliance, the Court will dismiss Plaintiff's negligent misrepresentation claim.

### E. Intentional Misrepresentation

In Florida, to prevail on a fraudulent misrepresentation claim, a plaintiff must prove each of the following elements: "(1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation." Johnson v. Davis, 480 So. 2d 625, 627 (Fla. 1985) (citing Huffstetler v. Our Home Life Ins. Co., 65 So. 1 (Fla. 1914)). Thus, to state a claim for intentional misrepresentation (i.e., fraudulent misrepresentation), Plaintiff must allege that Plaintiff relied on the alleged misrepresentation to his injury. See id.

For the same reasons that Plaintiff failed to state a claim for negligent misrepresentation (i.e., failure to allege that he would not have paid the price premium absent the "scientifically proven" representation), Plaintiff has failed to state a claim for intentional misrepresentation. The Court, therefore, will dismiss Plaintiff's claim for intentional misrepresentation.

### F. Breach of Express Warranty

To plead a cause of action for breach of express warranties under the Florida Uniform Commercial Code, a complaint must allege: (1) the sale of goods; (2) the

9

express warranty;[8] (3) breach of the warranty; (4) notice to seller of the breach;[9] and (5) the injuries sustained by the buyer as a result of the breach of the express warranty. See Dunham-Bush, Inc. v. Thermo-Air Serv., Inc., 351 So. 2d 351, 353 (Fla. Dist. Ct. App. 1977). Here, Plaintiff does not allege that he ever notified Defendant of the alleged breach of a warranty. Plaintiff, therefore, has failed to state a claim for breach of express warranty. See Gen. Matters, Inc. v. Paramount Canning Co., 382 So. 2d 1262, 1263 (Fla. Dist. Ct. App. 1980).

### G. Unjust Enrichment

Unjust enrichment is an equitable doctrine. "Liability in unjust enrichment has in principle nothing to do with fault. It has to do with wealth being in one person's hands when it should be in another person's." Guyana Tel. & Tel. Co. v. Melbourne Int'l Commc'ns, Ltd., 329 F.3d 1241, 1245 n.3 (11th Cir. 2003). The doctrine applies only

---

[8] Section 672.313, Florida Statutes, provides in relevant part that

(1) Express warranties by the seller are created as follows:
(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise.
. . .
(2) It is not necessary to the creation of an express warranty that the seller use formal words such as 'warrant' or 'guarantee' or that the seller have a specific intention to make a warranty, but an affirmation merely of the value of the goods or a statement purporting to be merely the seller's opinion or commendation of the goods does not create a warranty.

Fla. Stat. 672.313.

[9] Section 672.607(3), Florida Statutes, provides in relevant part that "[w]here a tender has been accepted: (a) The buyer must within a reasonable time after he or she discovers or should have discovered any breach notify the seller of breach or be barred from any remedy."

10

where (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances, it would be inequitable for the defendant to retain the benefit without paying for it.  See Shands Teaching Hosp. & Clinics, Inc. v. Beech Street Corp., 899 So. 2d 1222, 1227 (Fla. Dist. Ct. App. 2005).

Here, the Court must dismiss Plaintiff's claim for unjust enrichment because he does not lack an adequate legal remedy.  See Prohias v. Pfizer, Inc., 490 F. Supp. 2d 1228, 1236 (S.D. Fla. 2007) ("Prohias II") (dismissing unjust enrichment claim premised upon misrepresentations about a product's qualities) (citing Am. Honda Motor Co., Inc. v. Motorcycle Info. Network, Inc., 390 F. Supp. 2d 1170, 1178 (M.D. Fla. 2005) ("It is well settled in Florida that unjust enrichment is an equitable remedy and is, therefore, not available where there is an adequate legal remedy.")).  Plaintiff, in his unjust enrichment claim, seeks recovery for the exact same wrongful conduct as in his other claims.  Thus, if Defendant misrepresented the nature of its product, and Plaintiff relied on that misrepresentation to his detriment, then Plaintiff has a remedy at law as a properly pled claim under Florida law.  See Prohias II, 490 F. Supp. 2d at 1236 (citing Am. Honda, 390 F. Supp. 2d at 1178).  In other words, although a plaintiff ordinarily may plead in the alternative, here, if Plaintiff cannot prevail with his available legal remedies, he cannot prevail on his unjust enrichment claim.  Plaintiff's claim for unjust enrichment is therefore dismissed.

III. CONCLUSION

In light of the foregoing, it is **ORDERED AND ADJUDGED** that the Motion of Defendant Wm. Wrigley Jr. Company to Dismiss Complaint in its Entirety [DE 11] is **GRANTED**. The Complaint [DE 1] is **DISMISSED WITHOUT PREJUDICE**. Plaintiff may file an amended complaint no later than January 24, 2011.

**DONE AND ORDERED** in Chambers at Ft. Lauderdale, Broward County, Florida this 19th day of January 2011.

*/s/ James I. Cohn*
JAMES I. COHN
United States District Judge

Copies furnished to all counsel of record on CM/ECF.